Opinion op the Court.
THIS was an action upon an injunction bond, executed by Tureman and the other defendants as his securities. The condition of the bond recites, “ that whereas the above bound John Tureman hath obtained an injunction to stay further proceedings upon a judgment that said -Philip Ashby in our Floyd circuit court recoy- *7 ercd against him for $302 damages, with costs of suit;” and it then stipulates, that “ if the said Tureman or his securities shall well and truly pay all costs and damages that may be awarded against him, in case the injunction aforesaid shall be dissolved, then the above obligation, to be void; else to remain in full force and virtue.”
The declaration, after setting forth the bond and its condition, alleges, that the suit in chancery having come on to be heard, the court decreed that the injunction should be dissolved, and that Tureman, the then complainant, should pay to Ashby ten per cent, damages upon the amount of the judgment enjoined, and the «osts of the chancery suit; and it then assigns for ■breaches of the condition of the bond, 1st, that Ture-man or his securities had not paid to Ashby the amount ©f the judgment at law; and 2dly, that they had not paid the damages and costs awarded to Ashby on the dissolution of the injunction.
Tureman' and his securities pleaded that they had performed the condition of the bond, and issue was thereupon joined to the country. On the trial, after Ashby had read in evidence the records of the former suit at law and the suit in chancery, the court, on the motion of Tureman and his securities, instructed the juryq that Ashby could only recover the ten. per cent, damages and the costs awarded in the suit in chancery, to which Ashby excepted; and the jury having found a verdict according to the instruction of the court, a judgment was rendered upon the verdict, from which Ashby has appealed to this court.
The sole question presented by the record, is, whether the instruction given by the circuit court is correct or not?
It is insisted by the counsel for Ashby, that he had a right to recover the amount of the judgment at law, as well as the ten per cent, damages and the costs of the Suit in cljancery. No arguments, however, in support of this position, are given in the brief with which v/e^ have been furnished by the counsel, and we candidly confess, that our own minds have been unable to suggest any that can de deemed sufficient. It is evident, that Ashby’s right of recovery' can only be co-extensive with the terms of the condition of the injunction bond. The law, indeed, requires the complainant, on obtaining an injunction, tq execute bond with security for the
*8 payment of the money due to the plaintiff at law, and a^so cos^s which may be awarded against him, in case the injunction should be dissolved; but that which is done, is very often different from that which the law requires to be done; and as it is the bond in this case which alone imposes an obligation upon Tureman’s securities to pay any thing, it is assuredly to that only, however different it may be from the requisitions of the law, that resort should be had for the measure of their liability. Now, in fact, the bond in this case does not stipulate for the payment of the judgment at law. On the contrary, itonly binds Tureman and his securities to pay the costs and damages that might be awarded against him, in case the injunction should be dissolved; and according to the obvious import of this language, it applies only to the ten per cent, damages and the costs of the suit in chancery; for it was only those damages and costs which were awarded against Tureman by the decree of the court.
Judgment affirmed with costs.