## HUNT ET. AL. VS. BURTON AS AD.

In an action upon an injunction bond, given upon an injunction to stay proceedings upon a judgment at law, the recital in the declaration of the judgment and executions issued thereon, being inducement merely, and a substantial description so as to identify them being sufficient (*Adams et al. vs. The State use Wallace*, 14 *Ark.* 20) a variance between the recital in the declaration and the execution, as to the amount of costs recovered, is immaterial.

It is no defence, in mitigation of damages or otherwise, in an action against the securities in an injunction bond, that the principal is solvent and able to pay his own debts.

The measure of damages recoverable upon an injunction bond, under the Statute (*sec.* 18 *ch.* 86 *Dig.*) is the amount of the judgment enjoined, and the damages assessed upon the dissolution of the injunction and the costs; whether the decree be for the

amount of the judgment enjoined and damages and costs, or for the damages and costs only, and the defendant be remitted to his judgment at law.

If the defendants permit judgment to go against them by default, it is an admission of the right of action as disclosed by the declaration.

*Quere.* Are the securities in an injunction bond liable to suit upon the bond upon the dissolution of the injunction; and before a final decree in the cause?

*Appeal from the Independence Circuit Court.*

The Hon. BEAUFORT H. NEELY, Circuit Judge.

WATKINS & GALLAGHER for the appellants.

FOWLER & STILLWELL for the appellee.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

This was an action of debt upon an injunction bond, brought by Patrick P. Burton, administrator of Philip P. Burton, deceased, against Henry W. Hunt and Allen D. Ramsey, securities in the bond, in the Independence Circuit Court.

The declaration describes the bond sued on as having been executed by Edwin T. Burr, as principal, and the defendants as securities, on the 6th of August, 1854, in the penal sum of $5,000, payable to the plaintiff as such administrator, etc. Conditioned, that whereas the said Burr had that day presented his bill of complaint against said Burton as administrator, etc., aforesaid, to the Judge of the Circuit Court of Independence county, exercising chancery jurisdiction, praying among other things, a writ of injunction to be directed to said Burton as such administrator, and enjoin him from further proceedings upon two judgments recovered by him, at the March term, 1854, of said Court, against said Burr; and also commanding him to refrain from any further proceedings upon the executions issued upon said judgments, and to release the levy upon the property of said Burr by virtue of said executions; and also to refrain from selling any of the property levied on. *And whereas,* on the 16th of August, 1854, it was ordered by the said Judge that said writ of injunction as prayed for in said bill

should issue pursuant to the prayer thereof, upon the said Burr entering into bond, with said Hunt and Ramsey as his securities, in the penal sum of $5,000, to the said Burton, administrator, etc., conditioned according to law—Then, therefore, "if the said Edwin T. Burr should abide the decision that might be made therein, and should pay all sums of money and costs that might be adjudged against him, if the injunction should be dissolved, either in whole or in part, then the above obligation was to be void and of no effect either in law or equity, otherwise to remain in full force and virtue."

The declaration then proceeds to assign a special breach of the condition of the bond, in substance as follows:

That on the 20th of March, 1854, Burton, as such administrator, recovered a judgment against Burr, in the Independence Circuit Court, for residue of debt $1,640 11, also for $157 30 damages, and the costs of suit, which, at the time of the execution of the bond sued on, amounted to $11 30.

That, on the same day, Burton recovered against Burr, in the same court, in another suit, a judgment for $750, residue of debt, $9 35 damages, and for costs, which amounted, at the time the bond sued on was executed, to $7 20.

Both of which judgments remained in full force, etc., and were the same recited in the condition of the bond sued on.

That, on the 3d of May, 1854, executions were issued on the judgments, corresponding therewith, and correctly reciting the same, on each of which the proper amount of debt, damages and costs was endorsed, returnable to the September term following, etc.; and which, on the day they were issued, were delivered to the sheriff of Independence county, and were levied by him on the property of Burr. That these were the same executions recited in the bond sued on.

That the bill mentioned in the condition of the bond, was filed on the chancery side of said Court, on the 16th of August, 1854, and on the same day, the injunction was issued, after the execution of the bond, in accordance with the prayer of the bill, etc., by virtue of which Burton was restrained from execu-

OF THE STATE OF ARKANSAS. **191**

TERM, 1856.]          Hunt et al. vs. Burton as admr.

ting the said judgments, and the levies were released by the sheriff, etc.

That afterwards such proceedings were had upon said bill and injunction, in said Circuit Court in Chancery, that at the September term, 1854, (on the 25th Sept.) by the order and decree of the Court, the injunction was dissolved, and Burton again fully authorized to proceed upon, and have the benefit of his said judgments at law; and the Court then and therein, by said order and decree, found that the money so released by the dissolution of the injunction, exclusive of costs, then amounted to the aggregate sum of $2,635 71, and on said judgments, so enjoined, assessed the damages sustained by Burton, as such administrator, at six per cent, on the amount so found due, and so released, amounting to the sum of $158 14; and then and thereby decreed the said Burr to pay said sum of $158 14, the damages so assessed to the said Burton, and that he should have execution thereof.

And the plaintiff avers that in and by said decree, so rendered, and so dissolving said injunction, the said amount of said judgments at law so then found to be due to the said Burton as such administrator, from the said Burr, to wit the sum of $2,-635 71 so released from the said injunction; and also said sum of $158 14, the damages so assessed and decreed; and also the said costs of said judgments and executions at law, and of the said levies thereon, amounting, at the time of the making of the said bond sued on, to the aggregate sum of $18 50, were adjudged against the said Burr, and in favor of said Burton as such administrator; and which said sums of money, so adjudged against said Burr, to and in favor of said Burton as such administrator, the said defendants Henry W. Hunt and Allen D. Ramsey, as well as the said Burr, then and there became liable and bound to pay to the said Burton, etc., by virtue of the bond sued on, and the condition thereof. Then follow averments of the non-payment of the money, etc., and the general breach.

The defendants permitted judgment to be rendered against them by default, and a jury was called to assess the plaintiff's damages, etc. Pending the inquest the defendants excepted to

**192**                CASES IN THE SUPREME COURT

Hunt et al. vs. Burton as admr.                [JULY

several decisions of the Court, took a bill of exceptions, and appealed from the final judgment.

1st. The Court permitted the plaintiff to read to the jury two executions, with the endorsements of the clerk, and the returns of the sheriff thereon, against the objection of the defendants. The ground of objection was, that the executions offered in evidence varied from, and did not support the declaration.

The only discrepancy between the executions offered in evidence, and the averments of the declaration, seems to be thus: It is alleged in the declaration that the costs in one of the judgments enjoined, amounted to $11 30, and in the other to $7 20, at the time the injunction bond was made. The costs endorsed upon the executions correspond with these sums, but the fee of the sheriff for returning the execution in each case, is included to make up the amounts; and the returns were made *after the execution of the bond*.

The executions corresponding with the allegations of the declaration in all other respects, were sufficiently identified to admit them in evidence.

The injunction bond was the foundation of the action. The judgments and executions were recited by way of inducement, and a substantial description of them, so as to identify them, was sufficient. *Adams et al. vs. The State use Wallace*, 14 *Ark. R.* 20.

2. The defendants offered to prove by two witnesses *in mitigation of damages*, that Burr, the principal in the bond sued on, was abundantly able to pay his own debts and liabilities, and that he had had sufficient unincumbered property, out of which to make the amount of the bond, ever since its date, and down to the time of the inquest; but, upon the objection of the plaintiff, the Court excluded such testimony.

There was no error in this. The solvency of Burr had no relevancy to the amount of damages to be assessed by the jury. The liability of the obligors in the bond was joint and several; and the obligee had the right to pursue his separate remedies against the principal and securities, though he could have but one satisfaction. The remedy against the securities could pro-

OF THE STATE OF ARKANSAS.    **193**

Term, 1856.]                Hunt et al. vs. Burton as admr.

gress until Burr discharged the bond, by paying the sums secured by it.

3. The defendants moved the Court to instruct the jury: "That upon the records and papers which had been read before them as testimony, which are the several records and papers mentioned in the declaration, and which constitute the testimony on the part of the plaintiff, they can find for the plaintiff only the damages actually sustained by him, in the suspension of his executions, and cannot include as damages the amount of the judgments mentioned in the declaration, and read in evidence." Which the Court refused to give; but instructed the jury: "That the measure of damages for them to find on the evidence, if they believed the evidence, was the amount of the judgments and interest thereon, according to their effect, and the amount of the damages assessed by the Court on the dissolution of the injunction, and interest thereon, and costs except as paid."

*Sec.* 18, *chap.* 86, *Digest, p.* 593, provides that: " no injunction shall be issued in any case until the complainant execute a bond to the adverse party, with good and sufficient security, in such sum as the Court, Judge, or Master shall deem sufficient to secure the *amount or matter* to be enjoined, *and all damayes* and costs that may be occasioned by such injunction, conditioned that the complainant will abide the decision which may be made therein, and that he will pay all sums of money and costs that may be adjudged against him if the injunction be dissolved, either in whole or in part."

The bond sued on in this case, as described in the declaration, appears to have been taken in accordance with the Statute.

The *amount* enjoined was the aggregate sum of the two judgments at law; and this, with the damages assessed upon the dissolution of the injunction, and costs, furnished the measure of damages recoverable upon the bond. This was clearly the intention of the Statute. The defendant in a judgment is not permitted to stay its execution by an injunction obtained upon an ex-parte case, made by his bill, without securing the debt,

and any damages and costs that may be adjudged against him on failure to sustain his bill. 6 *Leigh* 581.

The usual practice in this State, we believe, is for the Chancery Court to render a decree for the damages assessed on the dissolution of the injunction, and to remit the defendant in the bill to his execution upon the judgment at law, as was done in this case.

The Court did not err in refusing the instruction asked by the defendants, and in giving that moved by the plaintiff.

It is insisted in the argument of the counsel for the appellants that the action was premature. That no action would lie on the bond until the cause in chancery was finally heard and the bill dismissed.

If there is any thing in this objection, it should have been interposed by any appropriate plea in the Court below. The default of the defendants admitted the right of action as disclosed in the declaration. The objection is based upon matter *dehors* the record before us in this case.

The judgment of the Court below is affirmed.

Absent, Hon. C. C. Scott.