BLAKENEY AS AD. VS. FERGUSON ET AL.

Under the statute prescribing the condition of an injunction bond (*Dig. chap.* 86, *sec.* 18,) where there has been a decree simply dissolving the injunction, and dismissing the complainant's bill with costs, the only breach that can, legitimately, be assigned in a declaration upon the bond, is, that the complainant had failed to pay the costs awarded.

The first clause in the condition of an injunction bond, is for the performance of any *personal act* or *duty* that may be imposed upon the complainant by the decree; the second clause is for the payment of the damages and costs, that may be decreed against him; and if no damages are awarded by the decree, under section 21, none can be recovered upon the bond.

It is not competent to recover before one tribunal, upon some of the covenants in a bond, and then sue upon other covenants before another tribunal, in a case where the party was alike liable before either tribunal at the same time for all the covenants in the entire instrument.

Duplicity in pleading was only a ground of special demurrer at common law, and cannot be taken advantage of at all by demurrer, under our practice; and so, if either of several breaches in a declaration upon a covenant be sufficient, the declaration is good upon a demurrer.

*Appeal from the Circuit Court of Pulaski county.*

The Hon. JOHN J. CLENDENIN, Circuit Judge.

S. H. HEMPSTEAD, for the appellant.

1. The third breach is good, and the demurrer having been sustained to the whole declaration, the judgment must be reversed. 7 *Eng.* 725; 6 *Blackf.* 192; 2 *Ala.* 425.

2. The first and second breaches are good, because according to the real design and scope of an injunction bond, all damages occasioned by the injunction may be recovered by the party injured, whether technically adjudged or not. *Digest* 593.

Blakeney being entitled to the possession of the tract of land, was entitled by way of damages to the rents and profits during the time he was deprived of them by injunction. 8 *Wheaton* 1; 6 *Vesey p.* 87; 16 *Ark.* 181; 19 *Ala.* 344. And was entitled to recover in this action all damages sustained in consequence of the injunction. 11 *B. Mon.* 201; 10 *Humph.* 325; 1 *Barb. Ch. R.* 613. If these damages may be recovered in the suit in equity they may at law in a suit on the injunction bond.

JORDAN for the appellees. All that the plaintiff could recover in a suit upon the bond would be the costs and damages, if any be assessed, upon the dissolution of the injunction. *Dig. chap.* 87, *sec.* 18, 21, 22; *Mitchell vs. Gibson,* 14 *Ark.* 229; *Troup vs. Wood,* 4 *J. C. R.* 243; 2 *Caines Rep.* 256.

Mr. Justice HANLY delivered the opinion of the Court.

This was an action of debt, by the intestate of the appellant, against the appellees, in the Pulaski Circuit Court, to the December term, 1854, on an injunction bond executed by them, and others not sued, the condition of which, after reciting that a portion of the appellees had applied for and obtained an injunction in a certain chancery cause pending in the Pulaski Circuit Court, against appellant's intestate, continues that "now if the said complainants shall well and truly abide the decision which may be made in this cause, and pay all sums of money that may be adjudged against them, if said injunction shall be dissolved, either in whole or in part, then this bond to be void, etc." Three breaches are assigned in the declaration: 1. That said injunction was sued out to restrain appellant's intestate from proceeding to execute a certain order requiring the sheriff

of Pulaski county to put him in possession of a certain tract of land and premises, which he had before that time purchased, at judicial sale, averring the dissolution of such injunction by a competent Court, with the rendition of a decree dismissing the original bill, without prejudice, and that the costs of the suit should be paid by the complainants therein, and averring further that, during the pendency of said chancery suit, between the issuance of the injunction and its dissolution, the appellees were kept in possession of said land and premises by force of such injunction—that, during that time, the appellees became liable under said bond, to pay for the use and occupation thereof—that they tore down and converted certain houses, timber, fixtures, etc., removed certain cotton, the produce of said land, and by the terms of said bond they are bound to pay for the same; negativing the payment of the costs decreed in the injunction suit, etc., as well as averring the value of the use and occupation of said land and premises, as well as the amount of the damages occasioned the appellant by the other grievances complained of, etc.

2. This breach recites the same facts averred in the first, except as to the costs decreed to be paid by the complainants on the dissolution of their injunction and the dismissal of their bill in the Court below. In other respects, it is identical with the first.

3d. This recites simply the dissolution of the injunction, the decree of the Court below dismissing the bill with costs, and negatives their payment, etc.

The appellees, after oyer prayed and granted, demurred to the declaration, assigning special causes therein applicable to each breach respectively. The demurrer was considered and sustained by the Court as to the entire declaration. Appellant excepted and appealed.

The assignment questions the judgment of the Court below upon the demurrer to the declaration.

The objections, taken by the demurrer to the declaration, are confined exclusively to the three breaches therein, specifically,

350    CASES IN THE SUPREME COURT

Blakeney as ad. vs. Ferguson et al.    [JANUARY

assigned; maintaining that the breaches are, respectively, un-warranted by the condition of the bond declared on.

The bond in question was executed in conformity to the fol-lowing statute: "No injunction shall be issued in any case, un-til the complainant execute a bond to the adverse party, in such sum as the Court, Judge, or Master shall deem sufficient, to secure the amount or matter to be enjoined, and all damages and costs that may be occasioned by such injunction; condi-tioned that the complainant will *abide the decree which may be made therein*, and that he will *pay all sums of money and costs that may be adjudged against him*, if the injunction be dissolved in whole, or in part. See *Digest, chap.* 86, *sec*. 18, *pp*. 393–'4.

It is insisted on the part of the appellees, that under this statute, where there has been a decree simply dissolving the injunction and dismissing the complainant's bill with costs, (as in the case before us), there can be but one breach legitimately assigned in a declaration on the bond taken under such statute, *i. e.* that the complainants have failed or refused to pay the costs awarded. Whilst, on the part of the appellant, it is main-tained that the injunction bond required by the statute to be taken, was designed and intended to secure to the obligee therein, whatever of damages and costs he may have sustain-ed, " occasioned by such injunction," and that such damages and costs may be recovered, (to the extent of the penalty of the bond) though none should have been awarded by the Chan-cellor on dissolution of the injunction, in debt on such bond.

The questions involved in these propositions are interesting, both on account of their novelty and intrinsic importance. We believe that no case has been adjudicated by this Court, as far as the Reports indicate; in which the questions before us have been determined. Several cases may be found, in which kin-dred questions have been decided, but growing out of appeal bonds, replevin bonds, and bonds taken under our forcible en-try and detainer statute. But, on reference to these various decisions, it will be readily perceived, they were made to pro-ceed more upon the particular statute, under which the cause of action in question arose, than upon general principles; and

such, we conceive, must be the basis of our decision in the case at bar.

We think there can be no doubt, from the tenor, as well as the letter of the section, in which the condition of injunction bonds is prescribed, but that it was the intention of the legislature to provide, by the bond required to be taken before injunctions should be granted in this State, for full and complete indemnity to defendants in such suits; and we think that that design has been fully accomplished by the provisions of the 18th section given above. But we cannot concur with the counsel for the appellant, in the construction he would give to that section. We think the design of the legislature, which we have ascribed above, may as well be accomplished by a different construction as by the one he has so earnestly contended for in his argument, and that, two, without sacrificing any portion of the section under consideration.

By recurring to the condition of the bond, prescribed by the 18th section, it will be observed that it contains two clauses: 1st. "That the complainant will *abide the decision, which may be made:* 2d. That he will *pay all sums of money and costs, that may be adjudged against him."*

Both these conditions to be contingent, however, upon the dissolution of "the injunction in whole or in part." What we understand to be the effect and scope of the first clause in the condition, is, that the complainant and his sureties obligate themselves, in case the Chancellor on dissolving the injunction should impose, by decree, upon the complainant, the performance of any *personal act,* or *duty* connected with the subject of the suit, and of benefit to the adverse party, that he will do it, or forfeit the penalty; and what we understand by the second clause in the condition of the bond, is, that the complainant and his sureties obligate themselves to pay, to the obligee, *whatever* of *damages* and *costs the Chancellor may award him* on the dissolution of the injunction:—The statute contemplating that the Chancellor, with a jury, could as well determine what amount of costs and damages the party had sustained "by such injunction" as if the same facts were referred to a Court of

law, and thereby avoid circuity of remedy, and a multiplicity of suits, which it is the policy of the law to prevent, and enable parties to avoid by proper provisions. The bond was only intended to afford security to the obligee, that the decree, which might be rendered by the Court in the injunction suit, should and would be performed by the complainant, the principal therein. It was, evidently, intended that the Chancellor should direct what should be done by the complainant, and ascertain what damages and costs the obligee had sustained, on account of the injunction, and if he would not perform the *personal act* or *duty* required of him, or pay the damages and costs awarded, that his securities would make good the damages occasioned by the first, and pay the award of the latter, by incurring an action on the bond. Beyond this, the condition of the bond does not go, in our judgment.

We are corroborated in these views, we think, by the provisions of the 21st and 22d sections of same chapter of the Digest, from which the 18th section, above referred to, was extracted. They are as follows:

"SEC. 21. Upon the dissolution of an injunction, either in whole or in part, where money has been enjoined, the damages thereon shall be assessed by the Court, at not less than six, nor more than ten *per centum* on the amount released by the dissolution of the injunction, exclusive of costs; but in all other cases, the damages shall be assessed by a jury empannelled for that purpose; if neither party require a jury, the damages may be assessed by the Court."

"SEC. 22. The Court shall enter a decree according to the circumstances of the case, including the damages assessed as aforesaid, and may award execution thereon, or enforce such decree in such other manner as may be proper, according to the rules and practice in chancery." See *Digest, p.* 594.

It is evident, from these sections in connection with the 18th, that the legislature has so provided as to limit the liability of the sureties upon injunction bonds, to the amount of the *damages* and *costs* actually decreed to the defendant in the injunction suit, upon dissolution.

But it is insisted, on the part of the appellant, that the remedy, thus given by the letter of the statute, for determining the *damages* and *costs* to which defendants, in injunction suits, are entitled on dissolution, is only cumulative of the remedy existing on the bond; and to sustain this position we are cited to *Garrett vs. Logan*, 19 *Ala. R.* 344. We have examined that case very carefully, and considered it patiently, and do not conceive it supports the position he assumes. It is true, that was upon an injunction bond. But the condition of the bond, declared on in that case, was " if the said complainant will well and truly prosecute his said writ of injunction, and pay all costs and damages occasioned, etc."—very different from the condition of the one we are considering. In the one before us, in the first clause of the condition, the word " therein" is used in reference to the injunction suit; thereby making the breach of either clause of the condition dependent upon the fact, whether *damages* and *costs* were awarded " *therein*," or in the chancery suit, after dissolution of the injunction, " either in whole or in part." No such word, or one equivalent, is to be found in the condition of the bond in *Garrett vs. Logan*. The fact is, we regard *Garrett vs. Logan* as going very far to sustain the views already expressed in reference to the case at bar; for the Court, in commenting on *Davis vs. Guley*, (2 *Dev. & Bat., R.* 360,) cited by counsel, say: "That was a bond for the payment of *such damages as might be recovered*. In this case, (meaning the one of *Garrett vs. Logan*) the bond was simply to *pay costs and damages occasioned*, etc." The Court approved of the decision in *Davis vs. Guley*, which was, in effect, that an action would not lie on a bond conditioned as the one in that case was, until after suit brought, and judgment recovered at law to fix the damages occasioned by the vexatious suing out the injunction."

The 21st and 22d sections of our statute, under the head of injunctions, was intended, we have no doubt, to avoid the necessity of there being more than one suit against the principal in such bonds, which is consistent with the policy of the law in general.

From these views, therefore, we are forced to hold, that the appellant cannot recover upon the injunction bond declared on, except the amount of costs which accrued in the chancery suit in which the bond originated.

We are warranted in this conclusion from another principle connected with the question at hand, and arising upon this part of the record, namely; that it is not competent to recover, before one tribunal, upon some of the covenants of the bond, and then sue, upon other covenants, before another tribunal, in a case where the party was alike liable before either tribunal, at the same time, for all the covenants in the entire instrument. The splitting up of entire liabilities into different suits will not be permitted. It is violative of plain principles. See *Black vs. Caruthers, Harris & Co.* 6 *Humph. R* 92–3.

If the appellant had desired to proceed for *damages* as well as *costs* in the injunction suit, we think there can be no doubt, but that the measure of his damages would have been the value of the rents and profits of the land and premises enjoined, from the date of the injunction to the time of its dissolution, the costs in the Supreme Court, and, may be, the counsel fees in both Courts. See *Edwards & Edwards vs. Bodine et al.,* 11 *Paige* 223.

Notwithstanding the *first* specific breach assigned is somewhat obnoxious to *duplicity*, which was only ground of special demurrer at the common law, and, consequently, not available at all by demurrer, under our practice, the Court below should have overruled the demurrer as applicable to it, for the reason that one of the breaches assigned therein is the non-payment of the costs averred to have been awarded to the appellant on the dissolution of the injunction recited.

There is no objection possible to the *third* specific breach; that being like the first, as we have qualified it, that is to say, averring an award of a decree in the chancery Court for costs, and a formal negation of the payment by the appellees. The demurrer to this assignment should also have been overruled.

In reference to the *second* specific breach, we hold, in view of

the foregoing, that the demurrer, as applicable to that, was properly sustained.

For the errors aforesaid, the judgment of the Pulaski Circuit Court is reversed, and the cause remanded to be proceeded in as herein before directed.