L. R. Glenn, etc., *v.* Geo. Clayton's Administratrix.

**Injunction—To stay Collection of Judgment—Prior levy.**

> Where at the time an injunction was issued to stay proceedings on a judgment, the execution was in the hands of the sheriff and he levied on personal property, the injunction does not operate to discharge the levy, but the levy remained in force at the time of dissolution of the injunction.

**Injunction—Proceeding on Injunction Bond.**

> Under § 308 Civ. Code Prac., as amended by Act of Feb. 15, 1866, the right of a party to proceed upon an injunction bond given under such amended section depends upon whether he has been damaged by the injunction.

**Injunction—Action on Bond—Damages.**

> The liability on an injunction bond in a proceeding to stay the collection of a judgment, extends only to the damages sustained up to the time of the dissolution of the injunction, but this liability does not extend to the full amount of the judgment enjoined, unless the defendant was thereby prevented from collecting his judgment, and resulted in total loss.

### APPEAL FROM DAVIESS CIRCUIT COURT.

May 22, 1873.

OPINION BY JUDGE LINDSAY:

The action of the circuit court in giving the instruction complained of was not excepted to and can not be revised on this appeal.

The essential inquiry is as to the sufficiency in law of appellee's petition. The action is founded on an injunction bond by which the obligors therein stipulated to pay to appellee such damages as she might sustain in case it was finally decided that the injunction ought not to have been granted. The bond was executed under the provisions of the act amending the 308th section of the Civil Code of Practice. It is true that the county judge did not in express words authorize a bond to be taken to the effect that the party obtaining the injunction should pay to appellee such damages as she might sustain in case it should finally be decided that the injunction ought not to have been granted, as it was his imperative duty to do under the amendment. But his failure in this regard did not operate as a suspension of the obligation in this particular case of the provisions of the statute. It is evident the legislature intended in all cases of injunction to stay proceedings upon a judgment or final order, that the clerk should take a bond similar to that executed by Spray and his sureties, unless the party obtaining the injunction desires to discharge the levy and voluntarily executes the bond originally prescribed by Section 308. The order of the county judge was that the clerk should issue the injunction upon the execution of a bond "in the sum of twenty-five hundred dollars, according to law." The bond accepted is conditioned "According to law" and is such a bond as the clerk was bound to accept when tendered.

At the time the injunction was granted appellee's execution was in the hands of the sheriff and had been levied on personal prop-

erty, and in conjunction with another execution against Spray for less than five hundred dollars on his right of redemption in a tract of land, which right it is alleged in the petition was worth three thousand dollars or nearly double as much as the aggregate amount of both the executions levied thereon. The injunction did not discharge these levies. Upon the contrary they remained in full force at the time of its dissolution. It is stated in the petition that the land was originally sold under Crutchfield's execution in April, 1868, and that the dissolution of the injunction became effectual on the 9th of April, 1869. By reference to Crutchfield's execution, made an exhibit, it appears that in point of fact the land was sold on the 13th of July, 1868, and that appellee had three months after the dissolution of the injunction and before the right of redemption expired, within which to enforce her levy had she chosen to do so. Instead of this her petition shows that when the injunction was dissolved she abandoned the levy, and resorted to a writ of *fieri facias*.

By Section 308 of the Civil Code of Practice, before it was amended, "where the injunction is to stay proceedings upon a judgment or final order, the bond shall be to the effect that the party obtaining the injunction will satisfy the judgment or order, or so much of it as is enjoined, to the extent to which the injunction may be dissolved, and that he will satisfy any modified judgment or order that may be rendered in lieu of it, or so much of it as exceeds the amount left unenjoined." The amendment of February 15, 1866, requires the officer granting such injunction to authorize a bond to be executed, conditioned as that upon which this action is based. Where the bond is given in accordance with this section as originally adopted, the judgment creditor upon the dissolution may proceed at once upon such bond and recover the full amount of his claim, regardless of the facts, that the defendants in the judgment may be perfectly solvent, and that he has sustained no real damage from the injunction other than delay, costs and expenses. His right to proceed upon a bond given under the amendment depends upon whether he has in point of fact been damaged by the injunction. *Furgeson v. Tipton, etc.*, 1 B. Monroe 28; *Ashby v. Tureman*, 3 Littell 6. The facts stated in the petition must show that the plaintiff has sustained actual damages, and these statements of fact must be upheld by proof. In this case the petition merely recites

that upon the levy of the execution, the injunction was obtained, that it was afterwards dissolved, that instead of enforcing the levies which were not discharged by the injunction, they were abandoned, and a *fi. fa.* issued upon the judgment, which was returned no property found, and then concludes with the allegation that by reason of these facts, appellee was damaged in the full amount of her judgment, a conclusion altogether unauthorized by the facts; but if it were not, as the injunction bond binds the appellants to pay no more than the damages awarded upon the dissolution of the injunction, but not to pay the judgment enjoined or any part thereof, except upon the contingency that appellee sustained an actual loss by reason of the injunction to the extent that she was injured by being prevented from collecting her judgment, they are responsible and no farther. If by the enforcement of her levies she could have realized any part of her debt, the loss of which was occasioned by her folly in abandoning the levies, the loss did not result from the injunction. If the defendants in the judgment at the time the injunction was obtained were all insolvent, and continued so until its dissolution, and the property levied on was all that could have been taken under execution, then except so far as she was delayed in the enforcement of these levies, and incurred expenses in the consequential litigation (which are reversed by the judgment for the statutory damages), it is plain that she could have sustained no actual damage from the injunction. The pleadings and proof do not warrant a judgment against the sureties on the injunction bond for a greater sum than the amount of the judgment rendered against Spray upon the dissolution of the injunction, for the statutory damages and costs of suit.

Appellee did not object to the order of court extending the time for appellants to file a bill of exceptions, until the next term, nor ask that the extension should be to a day certain, neither did she object to the order permitting said bill to be filed.

For the reasons given the judgment is reversed and the cause remanded for further proceedings consistent with this opinion. The parties should be allowed to amend their pleadings in case they desire to do so.

*Kincheloe, Swope for appellants.*

*Sweeney, Stuart, for appellee.*