Judge Ewing
delivered the Opinion of the Court.
Buckner Ashby filed his declaration in debt, in the General Court, upon a penal bond, for a thousand dollars, executed by the defendant, to the plaintifF in error, and one Lewis Ashby, since deceased; to which bond is annexed the following condition: — “That whereas, Kitty Ashby “ &c. has obtained an injunction to stay proceedings at “ common law, in the Seventh Circuit of the United “ States of America, in and for the Kentucky District, “ at the November Term, 1822, wherein John Doe, on “ the demise of Buckner Ashby and Lewis Ashby, were “ plaintiffs, and Robert Davis and William Chambers “ were defendants, and recovered six hundred and seven- “ ty seven and a half acres of land: now, if the said “ Kitty Ashby &c. shall prosecute with effect, or, on “ failure thereof, shall well and truly pay such costs and “ damages as shall be awarded against them, then the “ above obligation to be void; else to remain in full force “ and virtue.” And averred that the said suit in chancery came on to be heard, and was fully tried, and the bill dismissed, and the injunction dissolved. “ That the “ plaintiff was enjoined from taking possession of his “ land and farm recovered, as aforesaid &c, but the same “ was long before, at the time, and ever since, enjoyed, “ and the issues and profits received by the defendant “ &c; and the said defendant caused and permitted great “ waste and spoil of the timber, soil and improvements “ &c. &c.”
Upon the foregoing declaration, a writ of inquiry was awarded, and upon proof of rents and profits received by said defendants, both before and after the injunction *438 was awarded, and waste committed, a verdict was found for the plaintiff for one thousand dollars, in damages.
On motion of the defendant’s counsel, the Court, being of opinion that the declaration contained no cause of action, arrested the judgment, and gave judgment for the defendant. And to reverse that judgment, Ashby has brought the case to this Court.
The only question which we deem essential to consider is — does the declaration contain any averments of breaches sufficient to entitle the plaintiff to his action? We think it does not.
The undertaking of the surety is in the alternative. If his principal “ shall prosecute with effect, or on fa.il- “ ure thereof, shall well and truly pay such costs and “ damages as shall be awarded against them.” According to any fair construction of the terms of the condition, an award of damages, when damages alone are sought to be recovered, seems necessarily to precede a breach of the condition on the part of the surety. He is not in default for failing to pay damages, when damages have not been awarded. For it is only the damages which may be awarded, that he has undertaken to pay in default of his principal, and not any other damages. Until damages have been awarded, there is no obligation to pay, and without an averment that damages have been awarded, there is no breach of the condition of his bond. His liability is made to depend, by the express terms of his covenant, upon the happening of this precedent contingency — the award of damages against his principal, and cannot, without doing violence to its clear and unequivocal import, be made to precede it. We therefore cannot say, that he was in default, and liable to an action for failing to pay damages awarded, when no damages have been awarded.
We are aware, that this Court has gone great lengths in giving efficacy to injunction and appeal bonds, by construction. But we know of no case where they have rendered the surety liable by construction, against the express terms of his covenant. When the language of the covenant is doubtful, the Court may, by construction, give such interpretation to its terms, as will carry *439 into effect the intention of the parties in the undertaking. But they cannot make a contract for the parties, or substitute terms that are not used, or disregard the clear and unambiguous terms that are used.
It is, therefore, considered by the Court that the judgment of the General Court be affirmed.