CASE 42—ORDINARY—DECEMBER 4.

## Pugh's adm'r v. White, &c.

APPEAL FROM BALLARD COURT OF COMMON PLEAS.

1. The dismissal of a petition upon which an injunction has been obtained is a judicial determination that the injunction ought not to have been granted, and a cause of action at once arises against the obligors in the injunction bond.

2. The statute which continues the levy in force, after the order of injunction has issued, is intended only 'to give the plaintiff in the execution an additional security, and does not in any way change the legal effect of the injunction bond.

3. A defect in the form of a petition can only be reached by motion before answer to make the averments more specific.

JOHN D. WILDS FOR APPELLANT.

The dismissal of the petition amounts to, and is, a dissolution of the injunction. (4 Bush, 292; 2 Rev. Stat , chap. 47, art. 2, sec. 8; 3 Met., 469; Myers' Code, subsec. 5, secs. 579, 582, 583; 6 B. Mon., 83; Drake on Attachments, 173; High on Injunctions, 922, 932, 888, 936, 946, 951, 983; 3 J. J. Mar., 375; 10 B. Mon., 246; 3 Ibid, 191; 5 Litt., 327; 9 Bush, 700; 5 B. Mon., 316; 1 J. J. Mar., 173; 8 B. Mon., 51; 3 Bush, 220; Ram on Judgments, 97; 10 B. Mon., 352; 11 Bush, 256; 9 Ibid, 700; Ibid, 747; 5 Litt., 327; 3 J. J. Mar., 375; 3 Bibb, 114; 8 B. Mon., 418.)

CHAS. MARSHALL, J. D. WHITE, AND BUGG & BISHOP FOR APPELLEES.

1. The injunction has not been dissolved by the dismissal of the petition.
2. The sureties in the bond did not undertake to pay the amount of the judgment, in the event it was lost or rendered valueless. (Ashby v. Chambers, 3 Dana, 437; Ferguson v. Tipton, 1 B. Mon., 28; Watts v. Sanders, 10 B. Mon., 372; Harrison v. Park, 1 J. J. Mar., 170; Hunt v. Scobee, 6 B. Mon., 472; Ashby v. Tureman, 3 Litt., 6; Hughes v. Wickliff, 11 B. Mon., 202.)

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

In May, 1870, Louis Pugh obtained judgment in the Ballard common pleas court against Sallie May for one hundred and five dollars, on which judgment execution was issued and levied July 20th, 1870, on a bay mare and colt, the property of the defendant in the execution. In August, 1870, the defendant in the execution filed a suit in said court, asking for a new trial, and that an injunction issue, restraining the plaintiff in the execution from proceeding further in the collection of his judgment until the disposition of the questions raised in the application for a new trial. A bond was executed, with J. D. White and S. H. Jenkins as sureties, conditioned to pay Louis Pugh "the damages, not exceeding two hundred and ten dollars, which he may sustain by reason of the injunction in this action, if it is finally decided that said injunction ought not to have been granted." Upon the execution of this bond, the injunction issued as

prayed, and remained in force until August 12, 1875, when the following order was entered: "It is ordered that this case be dismissed, because this suit was not revived as required by law." This order dismissing the petition on which the injunction was granted was made on the motion of the administratrix of Louis Pugh, who died in December, 1873. No steps were taken by the plaintiff in that suit from the filing of the petition in August, 1870, up to the time of its dismissal on the 12th of August, 1875.

On the 27th day of May, 1876, this suit was brought in the Ballard court of common pleas by appellant against the sureties to the bond for the injunction, alleging that Sallie May, during the pendency of the injunction, had removed from the state, leaving no property; that by reason of the wrongful issuing of the injunction, the plaintiff had been unable to make the debt, and that she had been damaged in the sum of the debt, interest and costs, which remained unpaid.

To this petition the sureties, appellees, answered, denying that there had been any order of the court dissolving the injunction; that the obtaining or continuance of the injunction caused the loss of the debt, and alleging that it had not been finally decided by the court that the injunction ought not to have been granted. On final hearing the petition was dismissed, and an appeal taken to this court.

The question is as to whether there was a breach of the covenant in the bond.

Counsel for appellees insist that the petition is defective to such an extent that a general demurrer would lie, because it is not directly alleged that it has been "finally decided that the injunction ought not to have been granted;" and second, no recovery can be had, because it appears from

the record that the execution enjoined had been levied upon property sufficient to satisfy the debt, and, as the injunction did not release the levy, the loss appears to have been from the wrongful act of the sheriff in returning the execution and releasing the property, and not from the act of Sallie May in obtaining the injunction.

As to the sufficiency of the petition, it is enough to say that, in substance, there appeared on its face a cause of action, and that if defective at all, it was so only in form. For such a defect there is no remedy by general demurrer. It might have been reached, under section 161 of Myers' Code, or under section 134 of the present Code, by a motion to make more specific, but failing to do this before answer, and in fact it was not done at all, the defect, if any, is waived. (Posey v. Green, MS. Opinion, November 5th, 1879.) Besides the answer, by denying that there had been a final determination that the injunction had been improperly granted, cured what defect there might have been in the petition as to this matter. An issue was substantially tendered upon that point, and in fact is the only question of any gravity in the case.

The effect of the levy of the execution before the injunction issued will be referred to hereafter.

That appellees must be judged by the terms of their covenant is not questioned. The only inquiry is as to whether the order dismissing the petition upon which the injunction was obtained amounts to a judicial finding that the injunction ought not to have been granted. If such was the effect of the order, the judgment must be reversed; and if it was not, the judgment must be affirmed.

Such bonds have, in other states, been construed so as to accomplish the purpose for which the several statutes de-

signed them, viz: to protect the defendant from any wrong-
ful interference with his rights, and to reimburse him for all
damages and costs incurred by reason of an injunction im-
properly issued.   (High on Injunctions, section 946.)

In Clayton v. Anthony (15 Grattan, 519) the injunction-
bond stipulated for the payment of "such damages and
charges as shall be awarded by said Superior Court of Chan-
cery."   The order of dissolution awarded no damages, and
suit having been brought upon the bond to recover the dam-
ages, it was held that a recovery could be had.   In deliver-
ing the opinion of the court Lee, J., says: "Conceding,
however, for the sake of the argument, the right to the
damages and that they might be recovered on a bond with
proper conditions, the counsel has sought to maintain that
there can be no recovery on this bond, because, as he con-
tends, the condition has not been broken.   The condition is
to pay the judgment and costs and such damages as may be
awarded by the court, and it is said the court has not decreed
the payment of any damages.   In express terms, it is true,
it has not; but payment of the damages is the penalty of
the failure to sustain the injunction, and the order of dissolu-
tion necessarily imports that this penalty is to be paid unless
it be expressly remitted by its terms."

In another case in that state, where the condition of the
bond was to pay and satisfy the judgment in case the in-
junction should be dissolved, together with the costs of the
injunction if ruled so to do, saying nothing about damages,
yet the party was allowed to recover damages.   (6 Munf.,
36, Fox, &c., v. Mountjoy, ex.)

In Dowling v. Polack (18 Cal., 627), the terms of the
bond were that the sureties were to pay any damages the de-
fendant may sustain by reason of issuing the injunction, in

case the court should finally decide that the plaintiff was not entitled to the injunction.    Cope, J., delivering the opinion of the court, says: "This is an action upon an injunction-bond, and the dismissal of the suit in which the injunction was issued amounted to a determination by the court that the injunction had been improperly granted.    The suit was dismissed for want of prosecution, and, with respect to the particular case, the judgment of dismissal had the same effect upon the rights of the parties as would have resulted from a judgment upon the merits.    It terminated the proceedings, and by its legal operation and effect, set aside and discharged the injunction; it was the final action of the court operating directly upon the injunction, and destroying the foundation upon which it rested."

The dismissal of a complaint included, by force of the term itself, a determination that the party was not equitably entitled to the injunction.    (Loomis v. Brown, 16 Barb., 325.)

It is immaterial whether the action of the court is in the shape of a judgment upon the merits or a voluntary dismissal or discontinuance of the case.    (Coates v. Coates, 1 Duer, 644; Sherman v. New York Central Mills, 11 Howard, Pr.; Methodist Church v. Barker, 18 N. Y., 463.)

In Hibbard v. McKinley (28 Ill., 255), the condition of the bond was to pay all such costs and damages as should be awarded against the complainant, but none were awarded, the order reciting only that the bill was dismissed at complainant's costs.    It was held that damages could be recovered.

Brown v. Gordon (31 Ill., 417) also decides that it is not necessary to allege or prove that damages were awarded on the dismissal of the complaint.

The case of Ashby v. Tureman (3 Littell, 7) was to recover the judgment as well as the damages and costs awarded

on the dissolution of the injunction. · The conditions of the bond were not to pay the judgment, but such damages and costs as the court might award. It was held that as the terms of the bond did not embrace the judgment, the re-covery should be restricted to the costs and damages awarded in the judgment dissolving the injunction.

In Harrison v. Bank of Kentucky (3 J. J. M., 376), the bond on an appeal was conditioned to pay, &c., "in case said judgment shall be affirmed in said Court of Appeals." For failure to prosecute the appeal, it was dismissed, on motion of the bank, with damages and costs. The question presented was whether the dismissal of the appeal was an affirmance within the meaning of the bond. Judge Buckner, delivering the opinion of the court, says: "In such cases, we must remember that *qui hæret in litera, hæret in cortice;* we must regard substance and not form, or the law will have been in vain; and under that view of it, the dismission must be *considered as a virtual* affirmance of the judgment."

The cases of Cooper v. Hill (3 Bush) and of Payne & Bro. v. Able (7 Bush) are actions upon attachment bonds. In the first case, the records of the court, having been destroyed by a command of Confederate soldiers, could not be supplied, and for that reason the petition was dismissed and the attachment discharged *without prejudice.* Judge Robertson, delivering the opinion of the court, says: "The order of dismission and discharge, *without prejudice*, was, under the circumstances which superinduced it, no evidence that the attachment was wrongful or even hurtful, but rather implied the contrary; and the reinstatement of the attachment by an appellate judge strongly implied that the proof then showed sufficient ground for it." The second mentioned case held that, as no judgment could be rendered against the principal because of

his discharge in bankruptcy, the sureties in the bond were released by the discharge. The covenant in the bond was "to perform the judgment of the court," or "to have the property forthcoming to satisfy the judgment," but as no judgment had been or could be rendered against the principal, the contingency upon which the sureties were to be liable had not arisen. The object of the bond was to secure such debt as might be evidenced by judgment, but as the petition in the action in which the attachment issued was dismissed, the order of dismission was equivalent to finding that there was no enforceable demand or debt against the principal in the bond.

Counsel for appellee rely upon Ashby v. Chambers (3 Dana, 437). There the undertaking was "to pay such costs and damages as shall be awarded against them." The bill was dismissed and the injunction dissolved, without any award of damages; whereupon an action was brought on the bond to recover the damages claimed to have been sustained by reason of the issuing of the injunction, and it was held that no recovery could be had. The court placed the opinion upon the ground that there was no breach of the covenant, because there was no award of damages, and that until that was done the sureties were not in default. The conclusion in that case is in harmony with the views we have expressed as to the liability of the sureties in this case, but it might be difficult to reconcile the reasoning in the opinion with the decisions in other states upon similar covenants. So far as it may be considered an authority in the case under consideration it is enough to say that the dismissal of the petition and the dissolution of the injunction without awarding damages was a judicial determination that no damages had been sustained, and was as binding and conclusive upon

the parties as the judgment would have been if damages had
been awarded at the time the injunction was dissolved.

It appears to us that the amendment of February 15th,
1866, to section 308 of Myers' Code, by which the levy is,
continued in force after the execution of the injunction-bond.
and the issuing of the injunction, was intended simply to·
give the plaintiff in the execution additional security for his:
debt.   It was not intended to change or modify the legal.
effect of the bond nor to entail new duties or responsibilities.
upon the plaintiff in the execution.   If the property was
lost or destroyed during the pendency of the injunction, or
removed beyond the jurisdiction of the court, without fault
of the execution plaintiff, surely the bondsmen could not.
claim a release.   But for the issuing of the injunction, ac--
cording to appellee's own showing, the debt would have·
been made.   During the pendency of the injunction the·
execution plaintiff had no right to control the property.   He·
had but a simple lien, giving him, with the injunction-bond,
two securities for his debt.   For deterioration of the property·
levied upon, for its death or loss by removal by the owner,
whose opportunity to do so was given him by the pendency
of the injunction, the bondsmen are liable upon the court:
adjudging that the injunction ought not to have issued.   If·
a bond had been executed by the execution defendant,.
releasing the levy, would it have done away with the liability·
of the sureties on the injunction-bond?   We think not.   In
case of an adjudication that the injunction ought not to have
issued, the execution plaintiff would have had recourse to
both bonds.   The second would have stood as the levy—an.
additional security for the debt.

Judgment reversed, and cause remanded, with directions:
for further proceedings consistent with this opinion.