Case 5—SUPERSEDEAS—March, 1884.

# Johnson v. Williams, &c.

APPEAL FROM CAMPBELL CHANCERY COURT.

1. After a judgment has been obtained and a supersedeas bond has been· executed by the defendant, it is not competent for the plaintiff to bring his action upon the judgment and take out an attachment against the defendant's property.

2. The execution of the supersedeas bond suspends the judgment.

NELSON & WASHINGTON, FOR APPELLANT.

Appellee's action is not such an action as can be maintained upon a judgment of a court of this State.

The only·action that can be maintained is an equitable action to enforce its satisfaction. (Davidson v. Simmons, 11 Bush, 330; Civil Code, sec. 750; Ib., 759; 14 Bush, 339.)

No brief for appellee.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

Appellee, having a judgment in the court below against appellant for some twenty-six hundred dollars, from which an appeal was taken to this court, the col-

lection of the judgment suspended by supersedeas, brought the action at bar, sought and obtained an attachment against the property, of appellant.

The question is whether the court below properly entertained the action. We are of the opinion that it did not. On an appeal to this court the unsuccessful party in the court below may execute a supersedeas bond, with security satisfactory to the clerk, which operates, on the issuing of the supersedeas, to suspend all proceedings for the collection or enforcement of the judgment below; or the appellant may neglect to execute a supersedeas, in which case the appellee may proceed in the court below for the enforcement of his judgment, as if no appeal had been taken. So long as the bond thus executed is sufficient to secure appellee, he has not only no right to harrass appellant with another suit about the same subject matter, but he has no power to do so. If appellee, for any reason, deems the bond insufficient for the purpose of securing him, he has his remedy under section 750 of the Civil Code, which provides that he may apply to this court in term time, or to one of its judges in vacation, and have the supersedeas discharged, or satisfactory bond executed. If the supersedeas is discharged, "executions and other proceedings for enforcing the judgment may be immediately taken, as if no supersedeas had been issued." Here is a remedy that is speedy, adequate, and complete, and, being so, it must be considered as exclusive of any and all others. It was intended that the Civil Code should provide as complete a system of pleading and practice as possible, and while it does not, and, in the nature of things, could not, cover the whole field,

it may be safely asserted that whenever it provides a complete, speedy, and adequate remedy, as in this case, it is exclusive of every other.

If it were allowable to proceed to collection, or to enforce a judgment pending an appeal and supersedeas, the remedy adopted, that is, attachment, is not the proper one. The remedy would be, if the case is treated as if there was no supersedeas, to first issue an execution, and, on the return of "no property," a proceeding in equity, under sections 439–441, might be instituted, and an attachment obtained. Section 194 provides for the obtention of an attachment "at or after the commencement of an action, while sections 439 and 441 apply to the enforcement of judgments.

Judgment reversed and cause remanded, with directions to dismiss the petitions.