Louisville & Nashville R. R. Co. v. Lucas' Adm'r:

Case 46.—MOTION BY WM. B. LUCAS' ADM'R, AGAINST LOUISVILLE & NASHVILLE R. R. CO. TO DISMISS APPEAL AND FOR DAMAGES ON SUPERSEDEAS BOND.— April 25.

## Louisville & Nashville R. R. Co. v. Lucas' Adm'r.

120  359
134  722

120  359
138  180

Appeal from Woodford Circuit Court.

Motion made in Court of Appeals.  Sustained.

Supersedeas Bond—Execution—Filing Transcript—Supersedeas— When it May Issue—Appeal Pending—Effect—Where a supersedeas bond was executed before the clerk of the circuit court within the time allowed for filing the transcript of the record in the office of the clerk of the Court of Appeals, as provided by sec. 738, Civil Code, the appeal did not thereby abate, but was still pending in the Court of Appeals until dismissed by said court, and it was the right and duty of the clerk of the circuit court to issue the supersedeas at any time before the dismissal of the appeal, and as the appeal was then pending the supersedeas was not void.

WALLACE & HARRIS for appellant.

1. Our contention is that after the time to perfect the appeal granted by the lower court had expired, that that court lost all jurisdiction of the appeal, and any and all acts done by it or by the clerk of that court are void.

2. The time to perfect the appeal from the lower court expired March 21, 1905, and from that time on the only court that had jurisdiction of the appeal was the Court of Appeals, yet three days thereafter, on March 24, the clerk of the circuit court at-

tempted to issue a supersedeas, which we claim is void.

3. There is no appeal granted by the circuit court in this court to be dismissed, as the right to perfect the same expired by time, and as the supersedeas attempted to be issued was void, no damages can be allowed. (Walsten v. City of Louisville, 23 Ky. Law Rep., 1852, Civil Code, secs. 738, 749, 747; Reed v. Leander, 5 Bush, 598; Jones v. Green, 12 Bush, 127; Mutual Fire Ins. Co. of New York v. Hammond, 21 Ky. Law Rep., 204; C., N. O. & T. P. Ry. Co. v. Clark, Ib., 808.)

B. G. WILLIAMS and GREENE & VANWINKLE for appellee.

1. The bond in this case was executed before the clerk of the lower court before the filing of the transcript in this court, and it was therefore his duty to issue the supersedeas.

2. It is not denied that the clerk of the lower court did issue a supersedeas and before this motion was filed.

3. There is no time fixed within which the clerk shall issue a supersedeas, the duty being fixed upon him, to issue one, and having once issued it, there is no way for appellee to proceed until that supersedeas is discharged, and that can only be done by an order of this court, that we are asking now; and when discharged by this court, we are entitled to damages.

OPINION BY CHIEF JUSTICE HOBSON—Dismissing appeal.

Appellee recovered a judgment against appellant for the sum of $8,000 in the Woodford Circuit Court on October 29, 1904. Appellant filed grounds and moved the court for a new trial. On November 4th, the motion was overruled, and an appeal was granted to this court. On November 14th appellant executed a supersedeas bond, but the clerk failed to issue a supersedeas thereon until March 24, 1905. The time for filing the transcript in the clerk's office of this court expired on March 21, 1905, or three days before the supersedeas was issued. On April 11th appellant filed the transcript, and had a summons issued, which was executed on appellee on April 17th; and on April 20th appellee filed a copy of the judgment and bond, and moved the court to dismiss the

appeal granted by the circuit court, with damages, because the transcript was not filed in time. Appellant resists the motion insisting that it is not liable for damages, as no supersedeas was issued by the clerk of the circuit court within the time allowed for filing the record in this court.

By sec. 738 of the Civil Code of Practice, the appellant is required to file the transcript in the clerk's office of this court twenty days before the beginning of the second term after the granting of the appeal. Appellant failed to do this, and, therefore, the appeal granted by the circuit court must be dismissed. Whether damages may be awarded depends upon the validity of the supersedeas.

Sec. 749 of the Civil Code of Practice is as follows: "(1) The bond must be executed before the clerk of the court rendering the judgment, if the appeal be granted by that court. In other cases, it must be executed before the clerk of the Court of Appeals. (2) The clerk of the court rendering the judgment shall issue the supersedeas, if the bond be executed before him before the expiration of the time for filing a copy of the record in the clerk's office of the Court of Appeals pursuant to section seven hundred and thirty-eight. In other cases, it must be issued by the clerk of the Court of Appeals."

The bond having been executed on November 14th, was properly executed before the clerk of the court rendering the judgment. It was the duty of the clerk to issue the supersedeas as soon as the bond was executed; but damages will not be awarded unless a supersedeas issues, as the judgment is not superceded by the execution of the bond, nor until the supersedeas has issued. (Civ. Code Prac., sec. 747; Jones v. Green, 12 Bush, 127; Phoenix Insurance Company v. Mc-

Kernan, 46 S. W., 10, 698, 20 Ky. Law Rep., 337.)
The clerk did issue a supersedeas, but did not issue
it until March 24th, or three days after the time had
expired for filing the transcript in this court; and
the question arises whether he had authority then
to issue it, for, if he had not, it was void. It will
be observed that the statute limits the time within
which the clerk of the court rendering the judgment
may take the bond, but it simply provides that he
shall issue the supersedeas if the bond is executed
before him within the time limited. It will also be
observed that the clerk of the Court of Appeals is
only authorized to issue the supersedeas in other
cases; that is, the clerk of the Court of Appeals
is not authorized to issue the supersedeas where
the bond is executed in proper time before the
clerk of the court rendering the judgment. As
the clerk of this court could not issue the supersedeas
on March 24th, the clerk of the circuit court could
do so unless the bond was a nullity. If appellee had
gone to the clerk of the circuit court on March 24th
and demanded an execution, the clerk would have
been liable upon his bond to appellant for damages
for not issuing the supersedeas if he had issued an
execution on the judgment; or, if he had refused to
issue the execution, he would have been liable to ap-
pellee for damages if he did not issue the superse-
deas. The only way he had of protecting himself
when he had negligently delayed to issue the super-
sedeas was to issue it when his attention was called
to the matter. His then issuing it did not prejudice
appellant, and, there being nothing in the statute lim-
iting the time when he may issue the supersedeas
after he has properly taken the bond, the superse-
deas was valid from the time it was issued. The
appeal granted by the circuit court did not abate on

March 21st, upon the failure of appellant to file the transcript with the clerk of this court. It was a pending appeal on March 24th, when the supersedeas was issued. By sec. 740 of the Code, if the transcript is not filed in time the appeal shall be dismissed; but the appellee may waive the right to have it dismissed for this cause, and the appeal does not abate until it is dismissed by this court. When the circuit clerk came to issue the supersedeas, he was not required to examine the clerk's office of this court, and learn whether the transcript had been filed here; but, when the records of his office showed the execution of the bond in due time, by the terms of the statute it was his duty to issue the supersedeas, and, as the appeal was then pending, the supersedeas was not void. After the supersedeas was issued, no execution could properly issue on the judgment, and no steps could be taken by appellee to enforce it during the pendency of the appeal. In Walston v. Louisville, 66 S. W., 385, 23 Ky. Law Rep., 1853, the judgment was rendered and the appeal was granted on February 27, 1900, the bond was executed on December 4, 1900, and the supersedeas was issued on the same day. In that case the time had expired for filing the transcript in the clerk's office of this court when the bond was executed before the clerk of the court rendering the judgment.

The appeal granted by the circuit court is therefore dismissed, with damages.