CASE 91.—ACTION BY JOHN MILLER AGAINST THE LOUIS-
VILLE & NASHVILLE RAILROAD CO. FOR PER-
SONAL INJURIES.—Oct. 6, 1909.

## Louisville & Nashville R. R. Co. v. Miller

Appeal from Bullitt Circuit Court.

JOHN W. LEWIS, Special Judge.

Judgment for plaintiff, defendant appeals.—Reversed.

1. Railroads—Crossings—Duty of Company.—The place where plaintiff was struck by defendant's engine, a track running through defendant's depot platform, being in constant use by the public, defendant had to anticipate the presence of persons, and to exercise ordinary care for their safety.

2. Railroads—Crossing Track—Stop, Look and Listen.—The rule of stop, look and listen where one crosses a railroad track at a place in constant use by the public does not obtain in Kentucky.

3. Railroads—Crossing Track—Duty of Traveler.—One crossing a railroad at a place in constant use by the public, where it is the company's duty to keep a lookout, run at a reasonable speed, and give timely warning, is bound only to exercise ordinary care for his safety, such as may be usually expected of an ordinarily prudent person to learn of the approach of an engine, and keep out of its way.

4. Railroads—Crossing Track-Contributory Negligence.—Whether one crossing a railroad track at a place in constant use by the public used ordinary care for his safety, to learn of the approach of an engine, and keep out of its way, depending on a number of circumstances on which persons may differ, is a question for the jury.

5. Railroads—Injury to Person   Crossing   Track—Gross Negligence.—Though an engine was run rapidly down a coal track through a depot platform, a place where the presence of persons should reasonably be anticipated, and no lookout was kept and no warning given, and one stopping on the track just in front of the engine was struck, yet it having been at 6 o'clock in the morning, when the travel was small, the danger to those then out would not be so imminent as to warrant submission of the question of gross negligence and consequent punitive damages.

6. Railroads—Persons Crossing Track—Duty of Company—Speed of Trains.—While a railroad company, whose track is through a populous community, along or across a public place, where presence of persons on the track may be reasonably anticipated, should keep a lookout, give timely warning of approach of a train or engine, and operate it at such speed and under such control as ordinary care for the safety of such persons requires, it is not bound to so operate it to stop it in case of necessity before injury has occurred, where one comes on the track just in front of the engine.

7. Railroads—Injuries on Track—Instructions.—An instruction, submitting the question whether those in charge of an engine could have known of plaintiff's peril in time to avoid injuring him, is improper; all the proof being that he stepped on the track just in front of the engine.

CHAPEZE & WADE for appellee.

The duty of the standard of cars which the law requires of railroad companies and their employes under circumstances such as have been proven in the case at bar, this court has many times set forth in its opinions. Noticeable among the cases are L. & N. R. R. Co. v. Lowe, 118 Ky. 260; McCabe v. M. & B. Ry. Co., 28 L. R. 536; K. & I. Bridge Co. v. Snyder, 2 6Ky. L. R. 951; C. & O. v. McCoy, 112 S. W. 105; L. & N. v. Crowley, 21 Ky. L. R. 1436; Eskridge v. C., N. O. & T. P. Ry., 89 Ky. 367; Davis v. L. H & St. L. Ry. Co., 30 Ky. L. R. 172, and I. C. R. R. Co. v. Murphy's Adm'r, 30 Ky. L. R. 93.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

. Lebanon Junction is a town of about 1,400 people, situated at the junction of the Knoxville Branch of the Louisville & Nashville Railroad, with the main line. The Knoxville Branch leaves the main line a short distance north of the passenger depot, which is located between the main line and the Knoxville Branch. Just south of the station the company maintains large coal bins on the east side of the main line. East of the depot and only a few feet from it a track runs through the depot platform, known as the "coal bin track," and used to take cars up to the bins which are elevated something like 40 feet above the level of the station. An engine coming down this track from the bins descends a considerable incline. On the morning of January 14, 1908, about 6 o'clock, John Miller, who worked for the company in the roundhouse located on the Knoxville Branch east of the station, was going home to his house on the west side of the main line. He worked at night and got off at 6 o'clock in the morning. He came along the Knoxville Branch track until he got opposite the depot, when he started across the platform to the depot. As he stepped upon the coal bin track, he was struck by an engine coming out on the track. Two of his ribs were broken, and one kidney was dislocated, and is now described as a floating kidney. He was also bruised and injured about the head and back. At the time he was struck his attention was attracted to a freight train passing on the main track. He did not look up the incline before stepping on that track. The proof for him tended to show that the engine was running very rapidly; that no lookout was maintained upon it, and no signals of its approach given. The proof for the defendant was, in effect, that the men in charge of the engine were running at a reasonable speed and on the lookout, but that Miller came on the

track so close to the engine that they could not see him; that the bell was ringing automatically, and had been so ringing from the time the engine started at the top of the incline. This situation is shown approximately by the followign map; Miller being hurt near the point A.

The defendant moved the court to instruct the jury peremptorily to find for it. The court overruled the motion, and instructed the jury as follows:

"(1) The court instructs the jury that, if they believe from the evidence that the injuries to plaintiff complained of in the petition resulted from or were caused by the negligence of defendant, its agents, servants, or employes operating, managing, and controlling the engine and tender of defendant which struck plaintiff, if he was struck, then they should find for plaintiff such damage as they believe from the evidence will fairly and reasonably compensate him for any physical and mental pain and anguish he has sustained or suffered, if any, or that the jury from the evidence may believe he is reasonably certain to hereafter suffer and for any permanent impairment of his power to earn money, not exceeding $15,000, the amount claimed in the petition. And, if they shall believe from the evidence that plaintiff's injuries and suffering, if any, were the result of gross negligence upon the part of defendant or its said employes, then, in addition to compensatory damages, they may find for him such sum in punitive damages as from all the evidence in the case they may deem proper, not in all to exceed the sum of $15,-000 sued for.

"(2) The court instructs the jury that where a railroad track runs through a populous community along or across streets, where from the nature of things persons may reasonably be expected at any time, it is the duty of those in charge of trains or engines to signal by blowing the whistle or ringing the bell, and to so operate them at a speed which has the train or engine under control, and keep such a lookout as will enable the operators to give timely warn-

ing of the approach of said trains or engines, as well as to stop them in case of necessity before injury has been inflicted.

"(3) Gross negligence, as used in the instruction, means the absence of slight care.

"(4) By 'ordinary care,' as used in these instructions, is meant such care as is usually observed by ordinarily careful persons under the same or similar circumstances as those proven in this case.

"(5) The jury are instructed that plaintiff cannot recover in this case if the injuries to plaintiff set out and complained of in the petition could not have occurred but for plaintiff's own negligence; and, if the jury believe from the evidence that the injuries complained of by plaintiff were caused by and resulted from his own negligence, then they should find for the defendants, unless defendant's agents, servants, and employes operating, managing, and controlling the engine and tender which struck plaintiff, if he was struck, could by ordinary care have known of the peril in which plaintiff's negligence had placed him, and thereafter failed to observe reasonable care to avoid the injuries which ensued to plaintiff, if he was injured.

"(6) The court instructs the jury that it was plaintiff's duty in crossing defendant's track to use ordinary care, and to look out to discover an approaching train or engine; and, if he failed to do so, and was injured in consequence thereof, they should find for defendant, unless defendant's agents operating the train or engine which struck plaintiff, if he was struck, could by ordinary care have known of the peril in which plaintiff's negligence had placed him, if he was negligent, and thereafter failed to observe reas-

able care to avoid the injuries which ensued to plaintiff, if he was injured, in which event they will find for plaintiff and allow him damages as set out in instruction No. 1."

It is earnestly insisted that the court should have instructed the jury peremptorily to find for the defendant because Miller did not look up the track before walking upon it. The place where he was struck was in constant use by the public. It was within the station platform and a part of it. At such places it is incumbent upon the railway company to anticipate the presence of persons, and to exercise ordinary care for their safety. The rule stop, look, and listen has not been adopted in this state. On the contrary, we have uniformly held that at places like this it is a question for the jury whether the traveler exercised ordinary care where the train is run at a dangerous rate of speed, or timely warning of its approach is not given, or a proper lookout is not maintained. Crowley v. L. & N. R. Co., 55 S. W. 434, 21 Ky Law Rep. 1436; L. & N. R. R. Co. v. Lowe, 118 Ky. 260, 80 S. W. 768, 25 Ky. Law Rep. 2317, 65 L. R. A. 122; L. & N. R. R. Co. v. Lucas, 120 Ky. 359, 86 S. W. 682, 27 Ky. Law Rep. 769; Davis v. Louisville, etc., R. Co., 97 S. W. 1122, 30 Ky. Law Rep. 172; Perkins v. C. & O. Ry. Co., 123 Ky. 229, 94 S. W. 636, 29 Ky. Law Rep. 660; L. & N. R. R. Co. v. McNary's Adm'r, 128 Ky. 408, 108 S. W. 898, 32 Ky. Law Rep, 1266, 17 L. R. A. (N. S.) 224.

The case before us cannot be distinguished from those cited, and under the rule there laid down the court properly refused to instruct the jury peremptorily to find for the defendant.

It is incumbent upon the person crossing the railroad track to exercise ordinary care for his own

safety.  But what will be ordinary care in such cases is a question dependent on a number of circumstances on which persons of like intelligence and judgment may differ.  It is the duty of the railroad company to keep a lookout at such places, to run at a reasonable rate of speed, and to give timely warning of the approach of engines or trains.  A person who is about to cross the track is not required to assume that the railroad company will neglect its duty, and that the customary precautions for the safety of the public will not be taken.  When these precautions are omitted, and a person who relied on the presumption that the track was safe is hurt, the primary negligence is on the part of the railroad company, and it should not be exhonerated where he exercised such care as may be reasonably expected of an ordinarily prudent person under the circumstances.  If no warning is given, a person will sometimes walk on a railroad track before he is conscious that he is near it.  Though exercising ordinary care, he may at times be misled by appearances.  So it is that for the protection of life at those places where the presence of persons on or about the track is to be anticipated those operating trains and engines are required to give reasonable warning of their approach, keep a lookout, and so opperate them that these will not be unavailing.  The sacredness of human life does not permit a less stringent rule.  The whole burden is not to be placed on the traveler.  But, when he is led to believe the way is clear by the conduct of the railroad company, he may recover if he exercises ordinary care; and this, like other questions, depending on a number of circumstances, varying in importance, according to their relation to other facts, is ordinarily a question for the jury.

But in view of the fact that the accident occurred about 6 o'clock in the morning in January, and the condition of things at the time, there was not enough in the evidence to warrant an instruction on punitive damages, and the latter part of instruction No. 1 should have been omitted. It was a place where the presence of persons should be reasonably anticipated, but at that time in the morning there would be less travel than during business hours, and the danger to others so early in the morning would not be so imminent as to warrant the submission of gross negligence to the jury.

Instruction 2 requires the railroad company at such places to so operate its trains and engines as to stop them in case of necessity before injury has been inflicted. This goes too far. The company is only required to exercise ordinary care at such places: If the plaintiff came on the track so close to the engine that his injury could not have been avoided by ordinary care, the defendant is not liable; and to make it liable in all cases where it fails to keep such lookout or to run at such speed as to stop in case of necessity before injury has been inflicted would be practically to make it an insurer at such places. In lieu of instruction No. 2, the court should have told the jury that, where a railroad track runs through a populous community along or across streets or other public places where the presence of persons on the track may be reasonably anticipated, it is the duty of those in charge of the trains or engines to keep a lookout, to give timely warning by bell or whistle of their approach, and to operate them at such speed and under such control as ordinary care for the safety of such persons requires. Instruction No. 3 should be omitted.

Instructions Nos. 5 and 6 are erroneous, in that they submit to the jury the question whether those in charge of the train saw, or could by ordinary care have known of, the plaintiff's peril in time to avoid the injury to him. It is evident from all the proof that the plaintiff stepped upon the track just in front of the engine, and was struck before he could step off it. He was so close to the engine manifestly that those in charge of it could do nothing for his safety after his danger was discovered or could have been discovered. In cases of this sort such a qualification to the instruction is improper. L. & N. R. R. Co. v. Joshlin, 110 S. W. 382, 33 Ky. Law Rep. 513; L. & N. R. R. Co. v. Veach's Adm'r (Ky.) 112 S. W. 869.

In lieu of instructions Nos. 5 and 6, the court on another trial will instruct the jury that it was the duty of Miller on approaching the track to use such care as may be usually expected of an ordinarily prudent person to learn of the approach of the engine, and keep out of its way, and that, if he failed to exercise such care and but for this would not have been injured, the law is for the defendant and the jury should so find, even though they may believe from the evidence that the defendant's employes were negligent as set out in instruticon No. 1.

Judgment reversed, and cause remanded for a new trial.