## Edleson v. Edleson.

(Decided January 16, 1917.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1.  Appeal and Error—Failure to File Transcript—Dismissal.—The
    provisions of section 738, Civil Code, are mandatory, and an ap-
    peal granted by the lower court will, on motion of the appellee,
    be dismissed where the transcript is not filed in the office of the
    clerk of the Court of Appeals at least 20 days before the first day
    of the second term after the granting of the appeal and no ex-
    tension of time for filing the transcript has been granted by the
    Court of Appeals.
2.  Appeal and Error—Failure to File Transcript—Dismissal.—An appel-
    lant cannot prevent the dismissal of an appeal granted him by the
    lower court by asking, on the motion to dismiss, that an appeal
    be granted him by the Court of Appeals, where he has not filed in
    the office of the clerk of the Court of Appeals a copy of the judg-
    ment or transcript of the record. But such dismissal will not pre-
    vent him from being granted an appeal by the clerk of the Court
    of Appeals at any time within two years after the rendition of the
    judgment.
3.  Appeal and Error—When Damages Not Allowed Upon Dismissal.—
    Damages are not allowed upon the dismissal of an appeal where
    the judgment is not for the recovery of money; and in an action
    for divorce or alimony, where the wife is allowed an attorney's
    fee, such fee is a part of the costs, and no damages will be allowed
    upon the same.

CHAS. P. JOHNSON for appellant.

BURWELL K. MARSHALL for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Dismissing appeal.

On January 5, 1917, the appellee, Esther R. Edleson,
entered in this court a motion in writing to dis-
miss, with ten per cent. damages, the appeal granted
the appellant, Samuel A. Edleson, by the Jefferson
Circuit Court, chancery branch, second division, from
a judgment rendered therein April 22, 1916; filing in
support of the motion a certified copy of the judgment
and supersedeas bond. Appellant, having received due
notice of the motion, objected thereto, and at the same
time filed a written motion, of which appellee was given
notice, that he be granted an appeal by this court from

the judgment in question, and an extension of time within which to complete and file in this court a transcript of the record.

The motion of appellee to dismiss the appeal must, for the reason urged by her, be sustained, viz.: Because of the failure of the appellant to file the transcript in the office of the clerk of this court twenty days before the first day of the second term thereof, next after the granting of the appeal, as required by section 738, Civil Code, which provides:

"The appellant shall file the transcript in the office of the Clerk of the Court of Appeals at least twenty days before the first day of the second term of said court next after the granting of the appeal, unless the court extend the time; as, for cause shown, the court may do."

The provisions of section 738 of the code are mandatory. Western Union Telegraph Co. v. Johnson, 100 Ky. 589; Langhorn v. Wiley, 87 Ky. 266; Sandy River v. Caudell, 108 Ky. 197; Blablack v. Atwood, 148 Ky. 228; Beavers v. Bowen, 111 Ky. 603; L. & N. R. R. Co. v. Lucas, 120 Ky. 359.

Although the judgment here involved was entered of record April 22, 1916, the appeal therefrom, as shown by a supplemental order, was not prayed by appellant nor granted by the circuit court until May 1, 1916. As the second term of the Court of Appeals next after the granting of the appeal was the present January term, which began January 2, 1917, appellant, to have availed himself of the benefit of the appeal granted by the circuit court, must have filed the transcript in the office of the clerk of the Court of Appeals at least twenty days before January 2, 1917. This he did not do; nor did he, as he might have done before the expiration of the time fixed by section 738 of the code, *supra,* for filing the transcript, obtain an extension of time for filing it as allowed by its provisions. Section 740 of the code prevents the Clerk of the Court of Appeals from docketing the appeal, if the appellant fail to file the transcript within the time allowed by section 738.

The dismissal of the appeal granted by the lower court, as moved by appellee, cannot be prevented, as here attempted, by the appellant's asking that an appeal be granted him by this court. But the dismissal of the appeal granted by the lower court will not prevent him

from being granted an appeal by the clerk of this court (Fuson v. Lambdin, 23 R. 840; L. & N. R. R. Co. v. Lucas, 120 Ky. 359); for section 734 provides that an appeal "shall be granted, as matter of right, to a party or privy against a party or privy, by the court rendering the judgment, on motion made during the term at which it is rendered, or thereafter by the Clerk of the Court of Appeals, on application of either party or his privy, upon filing in the office of said clerk a copy of the judgment from which he appeals;" and section 745 allows an appeal to be granted by the clerk at any time within two years next after the right to appeal first accrued.

But where the appeal is granted by the Clerk of the Court of Appeals, the transcript must also be filed in the office of the clerk as required by section 738 of the code. In other words, this section applies to appeals granted by the Clerk of the Court of Appeals, as well as those granted by the circuit court, and in either case the appellant must file the transcript in the office of the Clerk of the Court of Appeals at least twenty days before the first day of the second term of the Court of Appeals, next after the granting of the appeal by the circuit court, or by the Clerk of the Court of Appeals, unless an extension of time is obtained of the Court of Appeals for filing it. Rush, Committee, etc. v. Handley, 30 R. 170. Here the appellant has lost his right to prosecute the appeal granted by the circuit court because of his failure to file the transcript in the office of the Clerk of the Court of Appeals twenty days before the second term of the Court of Appeals, next after the granting of the appeal. Nor has he filed in the office of the Clerk of the Court of Appeals a copy of the judgment or transcript of the record or been granted an appeal by the Clerk of the Court of Appeals. The Court of Appeals, therefore, is without authority to sustain his motion for an extension of time for filing the transcript in the office of the clerk thereof, as he has no appeal pending.

It is apparent, however, that appellant yet has ample time within which to take an appeal from the judgment of the lower court by filing the transcript in the office of the Clerk of the Court of Appeals at any time within two years next after the judgment of the circuit court was rendered, in which event the appeal will be granted by the clerk.

Appellee is not entitled to damages upon dismissal of the appeal. The judgment is not for the recovery of money. It merely granted appellee a divorce from appellant, restored to each of the parties the property that may have been obtained from the other during or by reason of the marriage, gave appellee the custody of their infant child, and awarded her her costs, including a reasonable attorney's fee. Notwithstanding the superseding of the judgment by appellant, in the absence of a recovery of money by the judgment appealed from, the awarding of damages upon the dismissal of the appeal is not permissible. Kentucky Statutes, section 900, compels the husband, in an action for alimony or divorce, to pay the wife's costs, as well as his own, unless it be made to appear the wife is in fault and has ample estate to pay the same. The wife may properly be allowed as a part of her costs a reasonable attorney's fee, which the husband must pay. Whitney v. Whitney, 7 Bush. 520. It is well settled that on the affirmance or dismissal of an appeal, ten per cent. damages will not be allowed upon the costs adjudged the appellee by the lower court. Bergen v. Farmers & Traders Bank, 9 R. 1914.

For the reasons indicated appellee's motion to dismiss the appeal is sustained, but her motion for ten per cent. damages is overruled; and appellant's motion for an appeal and extension of time for filing transcript is also overruled.