## Williams et ux. v. Board of Councilmen of City of Frankfort.

(Decided June 27, 1928.)

### Appeal from Franklin Circuit Court.

Appeal and Error.—Though appeal was granted within less than 20 days before beginning of the January, 1928, term of the Court of Appeals, transcript was required to be filed at least 20 days before the succeeding or April, 1928, term, under Civil Code of Practice, sec. 738, which requires that transcript be filed "at least twenty days before the first day of the second term of said court next after the granting of the appeal," and failure to file transcript within that time required dismissal of appeal.

B. T. QUINN for appellants.

F. M. DAILEY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Dismissing appeal.

In the equitable action of Board of Councilmen of City of Frankfort, against E. M. Williams and wife plaintiff recovered a judgment for $259, with certain penalties, interest, and costs, and to secure the judgment was awarded a lien on certain real estate, which was ordered to be sold. The judgment was rendered and the appeal was granted during the latter part of December, 1927. The judgment was superseded on February 2, 1928. On May 30, 1928, plaintiff below filed in this court copies of the judgment and supersedeas bond, accompanied by a motion to dismiss, with damages, the appeal granted by the Franklin circuit court.

Section 738, Civil Code, is as follows:

"The appellant shall file the transcript in the office of the clerk of the Court of Appeals at least twenty days before the first day of the second term of said court next after the granting of the appeal, unless the court extend the time, as, for cause shown, the court may do."

It is suggested that the words "the second term" mean the second term available to the appellant, and that the motion should not prevail, because the judgment below was rendered and the appeal was granted within less than 20 days before the beginning of the January,

1928, term of this court. The difficulty with this contention grows out of the fact that it does not give full effect to the language of the Code. It requires the transcript to be filed in the office of the clerk of this court "at least twenty days before the first day of the second term of said court next after the granting of the appeal." This language is clear, and free from ambiguity. The term immediately following the granting of the appeal is of necessity the first term next after the granting of the appeal. That being true, the term next after that term is the second term. We therefore conclude that, if the appeal be granted one day before the beginning of a term of this court, the term following that is the "second term." If, however, the appeal be granted after a term of this court has begun, the term immediately following the next succeeding term is the "second term," within the meaning of the Code.

As the appeal was granted before the January, 1928, term of this court, and the transcript was not filed 20 days before the April term of this court, it follows that the transcript was not filed in time, and that the motion to dismiss, with damages, must prevail; and it is so ordered.

Whole court sitting.