## Carey-Reed Company v. Hart.

(Decided April 17, 1931.)

R. W. LISANBY for appellant.

CHAS. A. PEPPER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—Dismissing appeal with damages.

The appellee, Charles L. Hart, recovered a judgment in the Caldwell circuit court against appellant Carey Reed Company, for the sum of $4,000. The latter's motion for a new trial was overruled on the next day, November 12, 1930, and it prayed and was granted an appeal to this court from the judgment against it, and in the same order time for it to file its bill of exceptions and transcript of the evidence was extended to include the third day of the March, 1931, term of the Caldwell circuit court. No extension of time for it to file the record in this court was ever asked for or obtained by appellant, nor has it ever filed any transcript in this court.

After the expiration of the time for the filing of the transcript for the appeal to be an appearance one at the present April, 1931, term of this court, the appellee filed a copy of the judgment and a copy of the supersedeas bond, which appellant had executed in the court below, with a copy of the supersedeas issued by the clerk of that court, and entered motion that the appeal granted by the court below be dismissed with 10 per cent. damages, upon the ground that appellant had not prosecuted its appeal in compliance with the provisions of section 738 of the Civil Code of Practice. The appellant has filed a response to that motion in which the granting of it by this court is resisted upon the ground that neither a dismissal of the appeal, nor consequent damages, may be obtained by appellee in the manner undertaken by him through his motion without appellant having previously filed the record in this court in disregard of the provisions of section 738, supra, of the Civil Code of Practice.

In other words, it is the contention of counsel for appellant that the appellee may not obtain a dismissal of an appeal, with damages if the judgment was superseded, where no record has been filed by appellant in this court, from which, if true, it necessarily follows that, if no record is ever filed by appellant he may defer the collection of the judgment against him until after the time for taking an appeal in any manner has expired (which in this jurisdiction is two years from the time the judgment became final), by simply failing and refusing to perfect his appeal within that period in the manner pointed out by the Civil Code. That position, however, is untenable, and has been so held by this court in a

number of cases under facts exactly parallel to those appearing in this case. Two comparatively recent ones so holding are Edleson v. Edleson 173 Ky. 252, 190 S. W. 1083, and Hays v. Jenkins, 190 Ky. 518, 227 S. W. 797. Others to the same effect, and based upon similar facts, are referred to in those opinions, and they are rested upon the provisions of section 740 of the Civil Code of Practice.

A still later case so holding, as well as announcing the practice with reference to the prosecution of appeals to this court under other circumstances and conditions, and containing a general review of the practice upon those subjects, is Wermeling v. Wermeling, 224 Ky. 107, 5 S. W. (2d) 893, the opinion in which exhaustively deals with the question and cites many prior cases from this court in substantiation of the principles therein announced. In addition thereto, it is the constant practice of this court to dismiss appeals with damages where the judgment has been superseded under the precise practice adopted in this case, and in which no written opinion is delivered, and which practice has been consistently followed since the enactment of the provisions of the Code referred to.

It therefore follows that this motion must be, and it is, sustained, and the appeal granted by the court below is dismissed, with damages.