## Bituminous Casualty Exchange et al. v. Ford Elkhorn, Coal Co.

(Decided Jan. 24, 1933.)

V. C. McDONALD and JOSEPH M. LEE for appellant.

MORRIS B. GIFFORD for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

A judgment was rendered in the Jefferson circuit court in favor of the Ford Elkhorn Coal Company against the Bituminous Casualty Exchange, for $654.03, with interest at 6 per cent. per annum from August 1, 1927, until paid, and $59.60 costs, subject to a credit of $48, paid December 7, 1929. An appeal to this court was granted in the judgment. The Bituminous Casualty Exchange as principal, with V. C. McDonald as surety, executed a supersedeas bond before the clerk of the circuit court, wherein they covenanted with the plaintiff that they would pay all costs and damage that might be adjudged against the appellant on an appeal; also satisfy and perform the judgment in the case if it should be affirmed, or any judgment or order which the court might render.

The Bituminous Casualty Exchange failed to file a transcript in the office of the clerk of this court, 20 days before the first day of the second term thereof next after the granting of the appeal by the circuit court; nor did it obtain from this court an extension of time in which to file it, or show cause for not filing it as required by section 738 of the Civil Code of Practice. Williams v. Board of Councilmen, 225 Ky. 354, 8 S. W. (2d) 377; Dougherty v. Central Trust Co., 155 Ky. 380, 159 S. W. 777. The Ford Elkhorn Coal Company filed a copy of the judgment of the circuit court, and of the

supersedeas bond and the supersedeas, in the office of the clerk of this court and entered a motion to dismiss the appeal with damages. The motion was sustained by this court and an order was entered decreeing damages on the judgment superseded. Carey-Reed Co. v. Hart, 238 Ky. 391, 38 S. W. (2d) 261.

This action was filed in the Jefferson circuit court on the supersedeas bond to enforce the judgment for the debt, interest and costs, and the damages awarded by this court on the dismissal of the appeal. The Bituminous Casualty Exchange presented as its defense the allegation that after the dismissal of the appeal, an appeal had been granted by the clerk of this court, on its application, as provided for by section 734 of the Civil Code of Practice, and that it had executed another supersedeas bond before the clerk of this court as authorized by the Code in such cases. The circuit court sustained a demurrer to its answer and entered a judgment in conformity with the prayer of the petition. The Bituminous Casualty Exchange appeals.

It argues that after a judgment is superseded, no further steps can be taken under it, and therefore no judgment should have been rendered against it; it having alleged in its answer the judgment had been superseded. To sustain this insistence it presents Weber v. Tanner (Ky.) 64 S. W. 741, 23 Ky. Law Rep. 1107, and Townsend v. Gorin, 144 Ky. 671, 139 S. W. 865. The precise question here presented was not involved in either of those cases. It also argues that a dismissal of the appeal with damages is not an affirmance of the judgment. The contrary has been so often held by this court, and the question seemingly so well settled, no more than a mere citation of our former opinions should be required of us. See Harrison v. Bank of Kentucky, 3 J. J. Marsh. 375; Ill. Surety Company v. Hendrick, 170 Ky. 347, 185 S. W. 1125; Pugh's Adm'r v. White, 78 Ky. 210; Alexander v. Gish, 88 Ky. 13, 19, 9 S. W. 801; Maryland Casualty Co. v. Marshall, 226 Ky. 62, 10 S. W. (2d) 485. An examination of the answer discloses that it is alleged therein that the supersedeas bond was executed, but it is nowhere alleged that a supersedeas was issued as required by section 747 Civil Code of Practice. It is expressly provided in this section that ''an appeal shall not stay proceedings on the judgment unless a supersedeas be

issued.'' It has been held in many cases by this court. that in the absence of the issuance and service of a. supersedeas, the party recovering the judgment is entitled to enforce it pending an appeal. Fidelity & Deposit Co. of Maryland v. Helm, 217 Ky. 384, 289 S. W.. 280. It is not the execution of the supersedeas bond,. but the issuance of a supersedeas that suspends a judgment pending an appeal. Hall v. Smith-McKenney Co., 162 Ky. 159, 172 S. W. 125. If a supersedeas is issued,. the judgment is suspended, and the party recovering it. is relegated to an action on the bond. Johnson v. Williams, 82 Ky. 45. The answer fails to allege that a. supersedeas was issued as required by section 747,. Civil Code of Practice. The court therefore did not err in sustaining a demurrer thereto.

Wherefore the judgment is affirmed.